IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CRIMINAL NO. 23-CR-40008-JPG ) |
| DEAN A. AMLEY, and MOHAMMAD FAHADUDDIN, and KHALID M. ABDELKARIM MOHAMED | ) ) Title 7 U.S.C. Section 2024; ) Title 18 U.S.C. Sections 371, 1956 ) ) |
| Defendants. | ) |

**INDICTMENT**

**FILED**
FEB 07 2023
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
BENTON OFFICE

**THE GRAND JURY CHARGES:**

**COUNT 1**
**Conspiracy to Unlawfully Acquire SNAP Benefits – 18 U.S.C. § 371**

At all times relevant:

1. During the time frame alleged in the indictment, **DEAN AMLEY** and an individual with the initials S.Q. operated a business in Carbondale, Illinois known as East Main Shell, Inc, doing business as ("d/b/a"), Egyptian Corner (hereafter "Egyptian Corner"). In conducting the business, defendant **DEAN A. AMLEY,** hired employees, including **KHALID M. ABDELKARIM-MOHAMED** and **MOHAMMAD FAHADUDDIN**.

2. The United States Department of Agriculture (USDA), Food and Nutrition Service (FNS), administers SNAP, a federal government benefit program, formerly known as the Food Stamp Program, which allows qualifying individuals and families to buy eligible food items.

3. SNAP benefits are similar to United States currency in that SNAP recipients can purchase food from grocery retailers at the face value of their SNAP benefits. In most states, SNAP benefits are provided to recipients on an Electronic Benefits Transfer (EBT) card that is

1

used like a bank Automated Teller Machine (ATM) card. Recipients receive their food stamp benefits on these SNAP cards.

4. Grocery retailers participate in the SNAP program only with the authorization of the USDA-FNS. Authorized retailers may only accept and redeem SNAP benefits in exchange for the sale of eligible food items. Retailers may not exchange SNAP benefits for cash or for ineligible items such as tobacco products, hot foods, and alcoholic beverages. Retailers also may not accept SNAP benefits as payments for items previously sold on credit.

5. During the authorization process, retailers who participate in SNAP are informed of the prohibitions against accepting SNAP benefits for anything other than eligible food items. They are also notified of the sanctions for prohibited activities including criminal prosecution. When participating in SNAP, authorized grocery retailers agree to be held liable for all actions of their employees regarding the federal regulations governing SNAP, including illegal acts of fraud relating to SNAP.

6. Recipients' monthly SNAP benefits are transferred onto their cards on a certain day of the month. In order for Illinois SNAP recipients to access their electronic benefits to purchase food, they are required to present their SNAP card to a USDA-FNS authorized retailer and enter a personal identification number (PIN). Unauthorized retailers cannot accept SNAP cards.

7. Immediately after the point-of-sale terminal receives the information about a recipient's transaction, the system will determine whether to accept or reject the transaction. If the transaction is accepted, funds equaling the transaction dollar amount are electronically transferred to the pre-determined bank account of the retailer.

8. SNAP transactions occurring at Egyptian Corner were transferred to bank accounts owned and controlled by AMLEY and S.Q. These payments to the retailer for SNAP redemptions are made from federally funded appropriations.

9. Once a SNAP transaction has been completed, the point-of-sale terminal records the SNAP card account number, the date and time of the transaction, the amount debited from the recipient's SNAP card, and the amount of benefits remaining on the card.

10. On or about January 29, 2016, Egyptian Corner sought re-authorization from FNS to accept and redeem SNAP benefits at Egyptian Corner. The re-authorization form showed that DEAN AMLEY and S.Q. were still owners of Egyptian Corner.

11. From on or about March 1, 2014, to on or about December 31, 2020, in Jackson County, within the Southern District of Illinois and elsewhere, the defendants,

**DEAN A. AMLEY,
MOHAMMAD FAHADUDDIN, and
KHALID M. ABDELKARIM MOHAMED,**

knowingly and willfully conspired and agreed together and with each other, and with persons both known and unknown to the grand jury, to commit an offense against the United States, that is, the fraudulent acquisition of SNAP benefits to which neither they, nor Egyptian Corner, were entitled, in violation of Title 7, United States Code, 2024(b).

A. **MANNER AND MEANS OF THE CONSPIRACY**

12. As part of the conspiracy, the defendants and other members of the conspiracy used their business, Egyptian Corner, to unlawfully acquire SNAP benefits from customers.

13. Defendants and other members of the conspiracy did so by unlawfully paying cash to customers in exchange for SNAP cards containing benefits well in excess of the cash amount given. In order to verify the amount of benefits on the card, and to later use the card, the employee asked the customer for their personal PIN for the card.

14. In addition, the defendants and other members of the conspiracy fraudulently accepted SNAP benefits from customers in exchange for ineligible items.

15. Defendants and other members of the conspiracy, through Egyptian Corner, also accepted SNAP benefits from customers to pay off debt those customers owed to Egyptian Corner. 7 CFR 278.2(e)-(f).

**B.   OVERT ACTS**

16. In furtherance of the conspiracy and to bring about the objects of the conspiracy, the following overt acts, among others, were committed in the Southern District of Illinois and elsewhere:

   a. On April 15, 2019, an employee of Egyptian Corner unlawfully transferred $60 in United States Currency to a Confidential Witness (CW) of the government, in exchange for a SNAP card with a balance of approximately $133.

   b. On May 7, 2019, AMLEY unlawfully transferred $200.00 in United States Currency, a pack of cigarettes, and a hot food product to a CW, in exchange for a SNAP card with a balance of approximately $458.

   c. On June 18, 2019, AMLEY unlawfully transferred $60 in United States Currency to a CW, in exchange for a SNAP card with a balance of approximately $140.

   d. On July 8, 2019, MOHAMED and an unidentified employee of Egyptian Corner unlawfully transferred $100 in United States Currency to a CW, in exchange for a SNAP card with a balance of approximately $219.

   e. On or about August 12, 2019, MOHAMED unlawfully transferred $150 in United States Currency to a CW, in exchange for a SNAP card with a balance of approximately $357.

   f. On or about September 13, 2019, AMLEY and MOHAMED unlawfully

4

transferred $250 in United States Currency to a CW, in exchange for a balance of approximately $561 in benefits contained on the same SNAP card. An employee of Egyptian Corner checked the SNAP card balance at Egyptian Corner that same day.

    g.    On or about October 15, 2019, AMLEY and FAHADUDDIN unlawfully transferred $200 in United States currency and a pack of cigarettes to a CW, in exchange for a balance of approximately $657 in benefits contained on the same SNAP card. An employee of Egyptian Corner checked the SNAP card balance at Egyptian Corner that same day.

    h.    On or about September 18, 2020, FAHADUDDIN unlawfully transferred $200 in United States currency to a CW, in exchange for a balance of approximately $405 in benefits contained on a SNAP card.

All in violation of Title 18, United States Code, Section 371.

## COUNT 2
**Unlawful acquisition of SNAP Benefits – 7 U.S.C. § 2024; 18 U.S.C. § 2**

Beginning on or about March 1, 2014, and continuing through on or about December 31, 2020, in the Southern District of Illinois, and elsewhere, the defendants,

> DEAN A. AMLEY,
> MOHAMMED FAHADUDDIN, and
> KHALID M. ABDELKARIM MOHAMED,

at East Main Shell, Inc., d/b/a Egyptian Corner, knowingly transferred and acquired SNAP cards and the SNAP benefits contained on those cards of a value of $100 and more in a manner not authorized by Title 7, United States Code, Chapter 51, in that they acquired SNAP cards containing benefits in exchange for U.S. currency and other ineligible items.

All in violation of 7 U.S.C. § 2024(b) and 18 U.S.C. § 2.

# COUNTS 3 - 14
## Money Laundering – 18 U.S.C. §§ 2; 1956(a)(1)(B)(i)

On or about the dates set forth in the table below, in Jackson County, and elsewhere, in the Southern District of Illinois, defendants

DEAN A. AMLEY,
MOHAMMED FAHADUDDIN, and
KHALID M. ABDELKARIM MOHAMED,

did knowingly cause to be conducted the following financial transactions affecting interstate commerce, that is, transactions spending unlawfully acquired SNAP cards and food stamp benefits at third-party stores including Save a Lot, Kroger, Schnucks, Aldi, and Sam's Club, which involved the proceeds of specified unlawful activity, that is, the unlawful acquisition of SNAP benefits charged in count 2, knowing that the transactions were designed in whole and in part to conceal and disguise the source, ownership, and control of the proceeds of the unlawfully acquired SNAP benefits, and that while they caused the financial transactions to be conducted, they knew that the property involved in the financial transactions represented the proceeds of unlawful activity, each transaction on each date constituting a separate count.

| Count | Date | Approximate Amount | Location | Defendant |
|---|---|---|---|---|
| 3 | 08/13/2019 | $95.52 | Save a Lot | MOHAMED |
| 4 | 08/14/2019 | $12.36 | Save a Lot | FAHADUDDIN |
| 5 | 09/03/2019 | $81.61 | Save a Lot | FAHADUDDIN |
| 6 | 10/08/2019 | $76.45 | Kroger | AMLEY |
| 7 | 10/09/2019 | $11.94 | Schnucks | AMLEY |
| 8 | 10/16/2019 | $71.64 | Save a Lot | AMLEY |
| 9 | 11/03/2019 | $56.70 | Aldi | AMLEY |
| 10 | 11/04/2019 | $116.88 | Save a Lot | AMLEY |
| 11 | 11/04/2019 | $65.15 | Kroger | AMLEY |
| 12 | 11/05/2019 | $45.32 | Save a Lot | AMLEY |
| 13 | 09/19/2020 | $243.16 | Sam's Club | FAHADUDDIN |

| 14 | 09/23/2020 | $10.94 | Aldi | FAHADUDDIN |

All in violation of Title 18, United States Code, Sections 2, 1956(a)(1)(B)(i).

**Forfeiture Allegation**

As a result of the commission of the offenses described in Counts 1-15 of this indictment,

DEAN A. AMLEY,
MOHAMMED FAHADUDDIN, and
KHALID M. ABDELKARIM MOHAMED,

defendants herein, shall forfeit to the United States, pursuant to Title 7, United States Code, Section 2024(f); Title 18, United States Code, Sections 981(a)(1) and 981(a)(1)(C); and Title 28, United States Code, Section 2461 any and all right, title, and interest they may have in any property, real and personal, constituting, or derived from, proceeds traceable to defendants' offenses up to $489,936.19.

The property to be forfeited includes, but is not limited to:

A. $44,149.32 in funds seized from First Mid Illinois Bank & Trust Account* 2028.

B. $23,866.50 in funds seized from First Mid Illinois Bank & Trust Account *7401.

C. $4,571.84 in funds seized from First Mid Illinois Bank & Trust Account *7115.

D. $20,185.02 in funds seized from Banterra Bank Account *6855.

E. $4,068.05 in funds seized from SIU Credit Union Account *9007.

F. $279,363.00 in United States Currency seized from S.Q.

G. $2,800.00 in United States Currency seized from S.Q.

H. $4,252.00 in United States Currency seized from Best Buy Auto Sales, Inc.

I. $4,009.25 in United States Currency seized from East Main Shell, Inc. d/b/a Egyptian Corner.

If any of the property subject to forfeiture and described above, as a result of any act or omission of the defendant:

7

a. Cannot be located upon the exercise of due diligence;

b. Has been transferred or sold to, or deposited with, a third party;

c. Has been placed beyond the jurisdiction of the Court;

d. Has been substantially diminished in value; or

e. Has been commingled with other property which cannot be divided without difficulty;

The United States of America shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461.

All pursuant to Title 18, United States Code, Sections 981(a)(1) and 981(a)(1)(C), and Title 28, United States Code, Section 2461.

A TRUE BILL

FO█████

PETER T. REED
Assistant United States Attorney

RACHELLE AUD CROWE
United States Attorney

Recommended Bond: $5,000